UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| TAL GRIFFIN, | CIVIL ACTION |
|---|---|
| Plaintiff | |
| VERSUS | NO. 19-12751 |
| PLAISANCE DRAGLINE AND DREDGING COMPANY, INC., ET AL., | SECTION "E" (3) |
| Defendants | |

## ORDER AND REASONS

Before the Court is Defendants' motion to enforce a settlement agreement.[1] Plaintiff filed a response.[2] For the following reasons, Defendants' motion to enforce a settlement agreement is **DENIED**.

## BACKGROUND

This case arises out of an alleged boating incident. After the alleged incident, the parties engaged in settlement negotiations. On January 21, 2020, Plaintiff's counsel sent an email to Defendants' counsel stating "[Plaintiff] finally got back to me. He said 8,500 and it's nonnegotiable. So can you run it up the flag pole?"[3] On January 23, 2020, Defendants' counsel emailed Plaintiff's counsel to confirm Defendants had received the settlement offer and to request certain itemized proof of damages to aid in Defendants' consideration of Plaintiff's offer.[4] Plaintiff did not respond to Defendants' request. Instead, over the next month Plaintiff's counsel "advised [Defendants' counsel] that [Plaintiff] was no longer sure about resolving the case at $8,500.00."[5] In response, Defendants offered to add additional money to the $8,500.00 offer that would offset costs

---
[1] R. Doc. 7.
[2] R. Doc. 8.
[3] R. Doc. 7-3.
[4] R. Doc. 7-4.
[5] R. Doc. 8-1 ¶ 8.

1

and expenses, would be payable to counsel for Plaintiff, and would allow more money to go directly to Plaintiff.[6] Plaintiff withdrew his counsel's authority to settle the case at $8,500.[7]

On February 27, 2020, Plaintiffs propounded discovery on Defendants.[8] Defendants' counsel responded by acknowledging receipt of the discovery requests and stating, "I guess this means that [Plaintiff] is unwilling to settle."[9] Then, in a separate email on the same day, Defendants' counsel informed Plaintiff's counsel that Defendants accepted Plaintiff's prior offer to settle the matter for $8,500.[10] Plaintiff's counsel responded by stating "I will run it by [Plaintiff] but he was not interested last time I spoke with him."[11] Plaintiff asserts he has not agreed to settle the case for $8,500. Defendants seek to enforce the purported settlement agreement.

## **LEGAL STANDARD**

Federal courts "apply general principles of state contract law to resolve issues of contract formation."[12] Accordingly, the Court applies Louisiana law to determine whether the parties in this case reached an enforceable settlement agreement. Louisiana Civil Code article 3071 provides:

> A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship.[13]

---

[6] R. Doc. 8-1 ¶ 9.
[7] *Id.* ¶ 10.
[8] R. Doc. 7-6.
[9] *Id.*
[10] R. Doc. 7-7.
[11] R. Doc. 7-8.
[12] *Hill v. Hornbeck Offshore Services, Inc.*, 799 F. Supp. 2d 658, 661 (2011) (E.D. La. 2011) (citing *Fleetwood Enters., Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002)).
[13] LA. CIV. CODE art. 3071.

The two elements of a compromise are: (1) mutual intention of preventing or putting an end to the litigation, and (2) reciprocal concessions of the parties to adjust their differences.[14] Settlement agreements "are formed by the consent of the parties established through offer and acceptance. Thus, 'before a district court can find the existence of a valid written compromise agreement, it must find an offer and an acceptance.'"[15] The burden of proving the invalidity of a settlement agreement lies with the party attacking the agreement—in this case, Plaintiff.[16]

## **LAW AND ANALYSIS**

Under Louisiana law, a revocable offer must be exercised within a reasonable time or it expires even without express revocation.[17] "What constitutes a reasonable time will ordinarily be a question of fact, the determination of which will depend upon all of the circumstances surrounding the particular offer and acceptance."[18] For example, in *Certified Roofing Co. v. Jeffrion*, the Louisiana Court of Appeal held a settlement offer "must be accepted within a reasonable time. Surely the person to whom such an offer is made cannot, without action, hold it for more than a year and then consider that it is still open to him for acceptance."[19]

---

[14] *Brown v. Drillers, Inc.*, 630 So.2d 741, 747 n.8 (La. 1994).
[15] *Elder v. Elder & Elder Enterprises, Ltd.*, 2006-0703 (La. App. 4 Cir. 1/11/07), 948 So. 2d 348, 350–51, *writ denied*, 2007-0560 (La. 5/4/07), 956 So. 2d 616; LA. CIV. CODE art. 1927; *McRae v. Ellis,* 93–1579, (La. App. 4 Cir. 2/11/94), 632 So.2d 841, 843.
[16] *Klebanoff v. Haberle*, 978 So. 2d 598, 602 (La. App. 2 Cir. 3/19/08) ("Compromises are favored in the law, and the burden of proving the invalidity of such an agreement lies with the party attacking it." (citing *Rivett v. State Farm*, 508 So. 2d 1356 (La. 1987))); *Kelly v. Owens*, 698 So. 2d 757, 759 (La. App. 2 Cir. 8/20/97).
[17] LA. CIV. CODE. art. 1931.
[18] 1 WILLISTON ON CONTRACTS § 5:7 (4th ed.); *Schulingkamp v. Aicklen*, 534 So. 2d 1327, 1331 (La. Ct. App. 1988) ("Our determination of what constitutes a reasonable time must be made under the particular facts and circumstances of this case.").
[19] 22 So. 2d 143, 145–46 (La. Ct. App. 1945); *see also Schulingkamp*, 534 So. 2d at 1331 ("The [irrevocable] offer was made November 15, 1984. The withdrawal was December 21, 1984, thirty-six days later. There is no disagreement that the offer to purchase was conditioned on the plaintiff's ability to accomplish the variance requirement. During this thirty-six day period very little, if anything, had been done towards satisfying the variance requirement. The only indication of a sales date came subsequent to and in response

Under the particular facts and circumstances concerning the offer and acceptance in this case, the Court finds Defendants did not accept Plaintiff's settlement offer within a reasonable time, and by the time Defendants attempted to accept the offer, Plaintiff had rescinded it. Plaintiff submitted his settlement offer to Defendants via email on January 21, 2020. On January 23, 2020, Defendants confirmed receipt of the offer but did not accept the offer for thirty-seven days. According to the declaration of Plaintiff's counsel, in that intervening time, Plaintiff expressed he no longer wished to settle the matter for $8,500.[20] Plaintiff also propounded discovery on Defendants. As Defendants themselves acknowledged in response to the discovery request and by purportedly offering to pay more than the proposed $8,500,[21] Plaintiffs had rescinded the January 21 settlement offer. Accordingly, Defendants alleged acceptance on February 27, 2020, was not effective, and the parties never reached a compromise.

## CONCLUSION

**IT IS ORDERED** that Defendants' motion to enforce a settlement agreement is **DENIED**.

**New Orleans, Louisiana, this 2nd day of April, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

to the revocation of the offer. Plaintiff did not sign an acceptance during this period. Given these circumstances, we conclude there existed a reasonable period of time in which plaintiff could have accepted the offer. However, after thirty-six days, that time period became unreasonable, thus making the offer revocable.").
[20] R. Doc. 8-1 ¶ 8.
[21] R. Doc. 8-1 ¶ 9.